UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HIGHFIELDS CAPITAL MANAGEMENT L.P.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

Civil Action No. 04-11684 GAO

## MOTION FOR ENLARGEMENT OF TIME

Pursuant to Rules 4(m) and 6(b) of the Federal Rules of Civil Procedure, and Local Rule 4.1, plaintiff Highfields Capital Management, L.P. ("Highfields Capital") respectfully requests that this action not be dismissed, and that it be granted additional time to effect service of its Complaint on the anonymous defendant in this action ("John Doe" or "Doe"). In support of this Motion, Highfields Capital states as follows:

1. Highfields Capital filed its Complaint in this case on July 29, 2004. Declaration of Scott A. Katz ("Katz Decl."), filed herewith, ¶ 2. Highfields Capital's Complaint asserts a variety of federal and state law claims against John Doe, who, posing as Highfields Capital and purporting to speak on its behalf, posted messages to an Internet message devoted to a publicly-traded stock in which Highfields Capital was and is the largest shareholder. The message board was administered by Yahoo!, Inc. ("Yahoo!") on its website.

2. Doe's messages were posted using the screen name "highfieldscapital." Neither the messages nor the screen name he used contained any information regarding Doe's true identity. Katz Decl., ¶ 3. Because Highfields Capital did not know Doe's actual identity, it was impossible for Highfields Capital to effect service on Doe at the time it filed its Complaint. *Id.*

3.	In order to ascertain Doe's identity, and thus effect service of its Complaint on him, Highfields Capital caused the U.S. District Court for the Northern District of California to issue a subpoena *duces tecum* to Yahoo!—the only individual or entity with knowledge of Doe's identity aside from Doe himself. Katz Decl., ¶ 4. The subpoena was served upon Yahoo! on August 2, 2004—a mere four days after the Complaint was filed. *Id.* The subpoena sought from Yahoo!, among other things, Doe's identity and other information relating to the messages he posted while posing as Highfields Capital.

4.	Pursuant to an apparent policy it maintains, prior to responding to the subpoena, Yahoo! informed Doe of the subpoena, thus permitting him an opportunity to quash or modify the subpoena before Yahoo! provided his identity to Highfields Capital. Katz Decl., ¶ 5.

5.	On August 17, 2004, seeking to prevent disclosure of his identity, Doe filed through counsel a motion in the Northern District of California seeking to quash the subpoena. The matter was referred to Magistrate Judge Wayne D. Brazil on August 27, 2004. Katz Decl., ¶ 6.

6.	Highfields Capital opposed Doe's motion to quash on September 8, 2004, and Doe filed a reply in support of his motion on September 15, 2004. Katz Decl., ¶ 7. On September 29, 2004, Magistrate Judge Brazil held a hearing on the motion, and on October 28, 2004, he issued a Report and Recommendation recommending that Doe's motion be granted. *Id.*

7.	Highfields Capital filed a written objection to Magistrate Judge Brazil's Report and Recommendation on November 15, 2004. Katz Decl., ¶ 8. Doe filed a response to Highfields Capital's objection on December 17, 2004, and Highfields Capital filed a reply in support of its objection on January 7, 2005. *Id.* On January 18, 2005, Judge Maxine M. Chesney

adopted Magistrate Judge Brazil's Report and Recommendation, and quashed Highfields Capital's subpoena to Yahoo!. *Id.*

8.  Highfields Capital timely filed a notice of appeal of the District Court's order quashing its subpoena to Yahoo! on February 22, 2005. Katz Decl., ¶ 9.

9.  Apparently believing that the District Court's order quashing the subpoena may not have been an appealable order, on March 24, 2005 the Ninth Circuit issued an order to show cause why Highfields Capital's appeal should not be dismissed for lack of jurisdiction. Katz Decl., ¶ 10. The Order provided that "[b]riefing is suspended pending further order of the court." *Id.* Highfields Capital, citing Ninth Circuit precedent squarely on point, *see CF&I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983) (reaching merits of appeal of grant of motion to quash issued in Northern District of California relating to pending matter in District of Colorado); *Premium Srvc. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 228 (9th Cir. 1975) (holding same because "avenues for appeal are absent where a California district court grants a motion to quash a subpoena relating to litigation pending in a Minnesota court"), filed its response to the Ninth Circuit's order to show cause on April 14, 2005. *Id.* Doe filed an opposition to Highfields Capital's response on April 22, 2005. *Id.*

10. The Ninth Circuit has taken no further action. Katz Decl., ¶ 11. It has neither dismissed Highfields Capital's appeal, nor has it set a briefing schedule. *Id.* Highfields Capital intends to pursue its appeal of the District Court's order quashing its subpoena, so that it may learn Doe's identity, effect service of its Complaint on him, and pursue its federal and state law claims against him before this Court.

11. As these facts clearly demonstrate, Highfields Capital has diligently—indeed, zealously—pursued Doe's identity on a consistent basis since the time the Complaint in this

action was filed so that it could effect service of its Complaint on him. Unfortunately, Doe's efforts to resist defending this case on the merits have, to date, successfully frustrated Highfields Capital's attempts to learn Doe's identity.

12. Highfields Capital respectfully suggests that the circumstances present here, namely, its inability to learn Doe's identity despite its diligent efforts to do so, constitute good cause for its failure to effect service as of yet. Because Highfields Capital is continuing its efforts to learn Doe's identity in order to effect service, it respectfully requests that this Court not dismiss this action.

13. Even if the Court finds that Highfields Capital's diligent efforts do not constitute "good cause" under Rule 4(m), the Court should still grant Highfields Capital additional time to effect service. *See Riverdale Mills Corp. v. U.S. Dept. of Transp.*, 225 F.R.D. 393, 395-96 (D. Mass. 2005) (recognizing that court may, in its discretion, allow additional time for service even in absence of good cause, and allowing additional time). Allowing Highfields Capital additional time to serve Doe with its Complaint is appropriate where, as here, Doe has notice of Highfields Capital's lawsuit, and would not suffer any prejudice as a result of Highfields Capital being given additional time. *See id.* at 395 (recognizing defendant's notice of lawsuit and lack of prejudice to defendant as factors favoring extension of time to serve complaint).

14. If the Court denies this Motion, and dismisses this action, it will arguably moot Highfields Capital's pending appeal in the Ninth Circuit, and permanently deprive Highfields Capital of an opportunity to learn Doe's identity and pursue its claims against him.

15. In the event Highfields Capital exhausts its avenues of appeal and is unable to learn Doe's identity through other means, Highfields Capital will promptly voluntarily dismiss this action.

WHEREFORE, Highfields Capital hereby respectfully requests that this Court not dismiss this action, and grant to Highfields Capital an extension of time to serve its Complaint sufficient to allow Highfields Capital to pursue its pending appeal in the Ninth Circuit Court of Appeals.

Respectfully submitted,

HIGHFIELDS CAPITAL MANAGEMENT L.P.

By its attorneys,

/s/ Scott A. Katz
Gus P. Coldebella (BBO No. 566918)
Scott A. Katz (BBO No. 655681)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: June 20, 2005

-5-
LIBA/1470719.1