UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HIGHFIELDS CAPITAL MANAGEMENT L.P.,

    Plaintiff,

    v.

JOHN DOE,

    Defendant.

Civil Action No. 04-11684 GAO

## DECLARATION OF SCOTT A. KATZ

I, Scott A. Katz, do depose and say under the penalties of perjury:

1.    I am an attorney admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I am an associate at the Boston law firm of Goodwin Procter LLP, attorneys for plaintiff Highfields Capital Management, L.P. ("Highfields Capital") in this matter. I make this Declaration, which is based on my personal knowledge and belief, in support of Highfields Capital's Motion for Enlargement of Time, filed herewith.

2.    Highfields Capital filed its Complaint in this case on July 29, 2004.

3.    At the time Highfields Capital filed its Complaint, it was unable to effect service of the Complaint on the defendant in this action because the conduct which served as the basis for the Complaint was undertaken anonymously. More specifically, the anonymous defendant in this action ("Doe") posted his messages using the screen name "highfieldscapital." Neither the messages nor the screen name he used contained any information regarding Doe's true identity.

4.    In order to ascertain Doe's identity of the anonymous defendant, Highfields Capital caused the U.S. District Court for the Northern District of California to issue a subpoena

*duces tecum* to Yahoo!, Inc. ("Yahoo!")—the only individual or entity with knowledge of Doe's identity aside from Doe himself. The subpoena was served upon Yahoo! on August 2, 2004.

5. In or around early August, 2004, I spoke by telephone with a representative of Yahoo! named Linda Isley. She informed me that, as a matter of policy, Yahoo! notifies a user whose disclosure is sought by a subpoena received by Yahoo!, and waits two weeks to respond to the subpoena in order to allow the user to seek to quash or modify the subpoena.

6. On August 17, 2004, Doe filed through counsel a motion in the Northern District of California seeking to quash the subpoena. The matter was referred to Magistrate Judge Wayne D. Brazil on August 27, 2004.

7. Highfields Capital opposed Doe's motion to quash on September 8, 2004, and Doe filed a reply in support of his motion on September 15, 2004. On September 29, 2004, Magistrate Judge Brazil held a hearing on the motion, and on October 28, 2004, he issued a Report and Recommendation recommending that Doe's motion be granted, and that Highfields Capital's subpoena be quashed.

8. Highfields Capital filed a written objection to Magistrate Judge Brazil's Report and Recommendation on November 15, 2004. Doe filed a response to Highfields Capital's objection on December 17, 2004, and Highfields Capital filed a reply in support of its objection on January 7, 2005. On January 18, 2005, Judge Maxine M. Chesney adopted Magistrate Judge Brazil's Report and Recommendation, and quashed Highfields Capital's subpoena to Yahoo!.

9. Highfields Capital timely filed a notice of appeal to the Ninth Circuit Court of Appeals of the District Court's order quashing its subpoena to Yahoo! on February 22, 2005.

10. On March 24, 2005, the Ninth Circuit issued an order to show cause why Highfields Capital's appeal should not be dismissed for lack of jurisdiction. The Order provided

that "[b]riefing is suspended pending further order of the court."  Highfields Capital filed its response to the Ninth Circuit's order to show cause on April 14, 2005.  Doe filed an opposition to Highfields Capital's response on April 22, 2005.

11.     As of the date of this Declaration, the Ninth Circuit has taken no further action.  It has neither dismissed Highfields Capital's appeal, nor has it set a briefing schedule.  Highfields Capital's appeal of the District Court's order quashing its subpoena to Yahoo! remains pending.

Signed under pains and penalties of perjury this 20th day of June, 2005.

/s/ Scott A. Katz
Scott A. Katz (BBO #655681)
